In re Charles Benjamin SUTPHIN, Linda Lu Sutphin, Debtors.

**Bankruptcy No. 81–01314–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Oct. 29, 1982.

Sarah C. Honenberger, Orange, Va., for debtors.

Richard J. Stahl, Annandale, Va., Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter came on upon the objection of the Trustee in Bankruptcy to an amended Homestead Deed filed by Linda Lu Sutphin, debtor, whereby she seeks to exempt from the bankruptcy estate herein $600.00 in possible federal and Virginia income tax refunds. No claim for tax refunds was made in the original Homestead Deed. The debtors filed their original Homestead Deed on November 12, 1981 and a voluntary petition under Chapter 7 of the Bankruptcy Reform Act of 1978 ("Bankruptcy Code") on November 18, 1981. Linda Lu Sutphin filed her amended Homestead Deed in April 1982.

Section 34–17 of the Code of Virginia (1982 Supp.) requires a debtor to file his Homestead Deed on or before the date of filing the petition to obtain the benefit of the exemption. Virginia common law provides further that a debtor who has not exempted property up to the maximum value permitted by the statute may amend his Homestead Deed until he reaches the maximum. *Oppenheimer v. Howell,* 76 Va. 218 (1882). In bankruptcy, however, this right to amend is restricted to adjustments in the

value of property already claimed in the original Homestead Deed; new items may not be claimed. *In re Waltrip,* 260 F.Supp. 448 (E.D.Va.1966).

■ The filing of a petition in bankruptcy introduces a critical alteration in a debtor's financial affairs—the creation of a bankruptcy estate. Section 541(a) of the Bankruptcy Code states that the commencement of a bankruptcy case creates an estate and that such estate is comprised of all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The legislative history states that the right to a tax refund is property of the estate and that the holding of *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), remains viable under the Code. H.Rep. No. 595, 95th Cong., 2d Sess. 367 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

In *Segal, supra,* the Supreme Court held that a contingent right to a business loss carryback tax refund was property of the estate. The Court reasoned that even though freedom to accumulate new wealth was an important component of the "fresh start" policy of the bankruptcy laws, the loss carryback refund was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property'" of the estate within the meaning of the Bankruptcy Act. *Segal, supra.* at 380, 86 S.Ct. at 515.

The ruling of *Segal* is applicable to Bankruptcy Code cases involving tax refunds. *See, Matter of Doan,* 672 F.2d 831 (11th Cir.1982); *In re Rash,* 22 B.R. 323 (Bkrtcy. D.Kan.1982); *In re Koch,* 14 B.R. 64 (Bkrtcy.D.Kan.1981); *In re DeVoe,* 5 B.R. 618 (Bkrtcy.S.D.Ohio 1980); *Matter of Nichols,* 4 B.R. 711, 6 B.C.D. 597 (Bkrtcy.E. D.Mich.1980).

■ Accordingly, the Court finds that the income tax refunds herein are part of the bankruptcy estate of Linda Lu Sutphin. The debtor, therefore, cannot be permitted to amend her Homestead Deed to exempt such refunds from the bankruptcy estate

herein, and the trustee's objection to such amendment will be sustained. However, only that portion of the refund attributable to pre-petition earnings properly is vested in the trustee. Therefore, only that proportion of the tax refunds attributable either to excessive withholding pre-petition or to other pre-petition income is hereby deemed property of the bankruptcy estate.

■ The proper method for calculating the shares due the estate and the debtors is by prorationing on the basis of the number of calendar days before and after the petition. *In re Rash, supra,* at 325–26. Accordingly, the trustee's share of any 1981 tax refunds realized by Linda Lu Sutphin is the fractional portion

$$\frac{322}{365}$$

of said refunds while the debtor's share is the fractional portion

$$\frac{43}{365}$$

based upon the date of November 18, 1981 when the petition was filed.

An appropriate Order will enter.