**In re Lucius COLLINS, Jr., Marilyn L. Collins, Debtors.**

**Lucius COLLINS and Marilyn Collins, Plaintiffs,**

**v.**

**Gordon P. PEYTON, Trustee, Defendant.**

Bankruptcy No. 81–01243–A.
Adv. No. 82–0004–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 9, 1982.

**486**

Bryan S. Ross, Washington, D.C., Benjamin Pelton, Arlington, Va., for debtors.

Gordon P. Peyton, Alexandria, Va., Trustee in Bankruptcy.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The debtors herein have filed a complaint for declaratory judgment seeking a ruling from this Court that Section 34–17 of the Code of Virginia is unconstitutional. The case arises from an attempt by the debtors to amend Schedule B–4 of their petition in bankruptcy and claim as exempt anticipated federal and state income tax refunds. The Trustee in Bankruptcy objects to the amendment.

Virginia Code Section 34–14 requires a person desiring to claim property as exempt from action by creditors to do so by filing a Homestead Deed in his jurisdiction of residence. Code of Virginia § 34–14 (1976 Repl.Vol.). Section 34–17 of the Code of Virginia provides further that "any person who files a voluntary petition in bankruptcy may set . . . apart [such property] before or on the same day that he files his petition but not thereafter. . . ." Code of Virginia § 34–17 (1982 Supp.). The debtors argue that Section 34–17 conflicts with the exemption provisions contained in Section 522 of the Bankruptcy Reform Act of 1978

("Bankruptcy Code"), (11 U.S.C. § 522), and with Rule 110, Rules of Bankruptcy Procedure. Accordingly, the debtors contend, Section 34–17 violates the Supremacy Clause, Article VI, Clause 2 of the United States Constitution and Article 1, Section 8, Clause 4 of the United States Constitution [1].

The Fourth Circuit Court of Appeals in a recent decision upheld the constitutionality of Virginia Code Section 34–14. *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982). The court in *Morgan* noted that Section 522(b)(1) of the Bankruptcy Code gives each state the option to restrict its residents to the exemptions permitted by the laws of that particular state and that Virginia had exercised that option by enacting Virginia Code § 34–3.1. *Morgan, supra,* at 471, footnote 2. Later, the court alluded to the "clear language" of the Bankruptcy Code which entitles a debtor to exempt for bankruptcy purposes "any property that is exempt under . . . state or local law." 11 U.S.C. § 522(b)(2)(A). For property to be exempt under state or local law, the court reasoned, "it must be claimed as exempt in the manner prescribed by those laws." *Morgan, supra,* at 472.

The considerations which the Fourth Circuit found compelling in *Morgan* apply equally to a determination regarding Section 34–17. For property to be exempt under Section 522(b)(2)(A) of the Bankruptcy Code, it must be exempt under state and local law. In Virginia, to obtain the benefit of the exemption, debtors must comply with Virginia Code Sections 34–14 and 34–17. The Circuit Court in *Morgan* found no conflict between Virginia Code Section 34–14 and Section 522 of the Bankruptcy Code, and this Court finds the Fourth Circuit's reasoning in *Morgan* to be dispositive of the issue here. Accordingly, to the extent that Virginia Code Section 34–17 affects the rights of debtors in bankruptcy proceedings, this Court finds that statute constitutional.

The debtors make additional arguments based upon Bankruptcy Rule 110 which permits debtors to amend their schedules "as a matter of course at any time before the

---

1. "Section 8. The Congress shall have Power . . . To establish . . . uniform laws on the sub-

ject of Bankruptcies throughout the United States." U.S. Const. Art. I, § 8, Cl. 4.

case is closed." Rule 110, Rules of Bankruptcy Procedure. Rule 110, however, must be considered within the context of the substantive provisions of the Bankruptcy Code, particularly Section 541(a).

Bankruptcy Code § 541(a) states that the commencement of a bankruptcy case creates an estate and that such estate is comprised of all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The legislative history of this section of the Code states that the right to a tax refund is property of the estate and that the holding of *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), remains viable under the Code.

In *Segal, supra,* the Supreme Court held that a contingent right to a business loss carryback tax refund was property of the bankruptcy estate. The court reasoned that even though freedom to accumulate new wealth was an important component of the "fresh start" policy of the bankruptcy laws, the loss carryback refund was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property'" of the estate within the meaning of the statute. *Segal, supra,* at 380, 86 S.Ct. at 515.

The debtors draw the attention of the Court to the statement of a noted commentator on bankruptcy law that Section 541 represents a change from prior law regarding the relationship between exempt property and property of the estate. *See,* 4 *Collier on Bankruptcy* (15th ed.), ¶ 541.02. The debtors argue that whereas under the former Bankruptcy Act all property not exempted passed to the trustee, the Bankruptcy Code provides for an estate comprised of all the debtor's property, from which estate the debtor then carves out his exemptions. Under this system, the debtor could by amendment claim as exempt property that came into the estate after the filing of the petition. *Id.*

The *Segal* case, however, has been followed consistently and applied to Code cases involving tax refunds. *See, Matter of*

*Doan,* 672 F.2d 831 (11th Cir.1982); *In re Rash,* 22 B.R. 323 (Bkrtcy.D.Kan.1982); *In re Koch,* 14 B.R. 64 (Bkrtcy.D.Kan.1981); *In re DeVoe,* 5 B.R. 618 (Bkrtcy.S.D.Ohio 1980); *Matter of Nichols,* 4 B.R. 711, 6 B.C.D. 597 (Bkrtcy.E.D.Mich.1980).

Under the Fourth Circuit's holding in *Morgan, supra,* a Virginia debtor, being entitled only to the exemptions provided by state law, has his right to amend his Homestead Deed cut off for bankruptcy purposes by the filing of the bankruptcy petition. Bankruptcy Rule 110 affects a debtor's procedural rights only and cannot overcome restrictions imposed or permitted by substantive provisions of the Bankruptcy Code such as Section 522(b)(1) (allowing states to "opt out" of the federal exemption scheme). Debtors in other states may be able to claim as exempt property coming into the estate after a petition is filed, as the debtors here suggest. Bankruptcy Code § 522(b)(1) and Virginia Code §§ 34–3.1 and 34–17, however, operate to bar Virginia debtors from doing so in this jurisdiction.

Accordingly, the Court finds that the income tax refunds at issue herein are part of the debtors' bankruptcy estate.

An appropriate Order will enter.