**In re James & Mary MAY, Debtors.**

**James G. MAY, Plaintiff,**

**v.**

**PEOPLE'S BANKING CO., et al., Defendants.**

Bankruptcy No. 83–0376.
Related Case: 82–02595.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 23, 1983.

Ronald G. Heck, Findlay, Ohio, for plaintiff.

Thomas Drake, Findlay, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court upon the Motion of the Defendants for Summary Judgment. The Complaint filed by the Plaintiff sought to avoid a lien on a handgun pursuant to 11 U.S.C. § 522. For the reasons set forth below, the Motion for Summary Judgment is GRANTED.

## FACTS

At some time during 1981, the Debtor borrowed money from the Defendant and in return gave a security interest to the Defendant in a .357 Colt Python revolver and a nineteen inch (19″) portable television. The Plaintiff filed his voluntary bankruptcy petition and in conjunction therewith this adversary complaint. The schedule of personal property does not list either of these items, nor does the schedule of exempt property. Along with the Motion for Summary Judgment, the Defendant has at-tached the Affidavit of Defendant's counsel wherein he states that during the course of a Debtors' exam held on September 16, 1982, the Plaintiff admitted selling the .357 Colt Python. The Motion is unopposed. The Trustee has not made any effort to recover the weapon and the case has been administratively closed.

## LAW

When a person files a petition in bankruptcy the bankruptcy estate that is created is governed by 11 U.S.C. § 541 which states in pertinent part:

"... [the] estate is comprised of all the following property, wherever located: (1) ... all legal and equitable interests of the debtor in property as of the commencement of the case..."

In the absence of extenuating circumstances complete title to an item passes to the buyer upon the completion of a contract for sale. Ohio Revised Code § 1302.-42(B). A debtor's ability to avoid a lien is addressed by 11 U.S.C. § 522(f) which states in pertinent part.

"... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled..."

Assuming that the weapon had been listed on the schedule of property, the Debtor has attempted to avoid a lien on property which he does not own. In this case, by virtue of the sale, all the Debtor's interests were transferred to the buyer at the time of the sale. Since the sale preceeded the filing of the Bankruptcy Petition, there was no interest in the weapon for the bankruptcy estate to assume. Therefore, there is no interest for the Debtor to exempt. While the Debtor could have sought to bring the weapon back into the estate, had the proper grounds existed, he has not chosen to do so.

However, the entire analysis is rendered moot by the Debtors' failure to list both the weapon and the television set as personal property owned by the Debtor or as property claimed as exempt. Again, the Debtor

has attempted to avoid a lien on property which, according to the petition, he does not own. Therefore, there does not exist any material question as to law or fact which this Court must consider.

Therefore, it is ORDERED that the Motion for Summary Judgment be GRANTED, and the Plaintiff's Complaint be DISMISSED.