**In re Dianna Elizabeth SMITH, Debtor.**

**Bankruptcy No. 83–01733–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Dec. 6, 1984.

---

Michael A. Riedel, Richmond, Va., for debtor.

A.C. Berkeley, Jr., Richmond, Va., for VNB Credit Corp.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court for determination pursuant to Bankruptcy Rules 4003 and 9014 on the motion of VNB Capital Corporation ("VNB") objecting to certain wages claimed exempt under Virginia law by the debtor, Dianna Elizabeth Smith ("Smith"). The matter came on for hearing on March 12, 1984. At the conclusion of the hearing the Court took the matter under advisement and ordered the parties to file briefs. Upon consideration of the briefs filed by the respective parties and the evidence and argument produced at the hearing, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The facts in this case are not in dispute. VNB obtained a judgment against Smith on October 16, 1980 in the General District Court of Henrico County, Virginia. This judgment was for a deficiency owed by the debtor to VNB under an installment note after the sale of the debtor's repossessed automobile. VNB thereafter caused execution to issue in the form of garnishment against the wages of the debtor. The writ of garnishment was returnable in General District Court on November 3, 1983. On the return date, the court ordered that VNB be paid $375.25 from Smith's wages. When this amount was applied to the deficiency, the balance due on the note was reduced to $1,127.91.

Smith did not file a homestead deed exempting her wages prior to the return date on the writ of garnishment. It was not until November 22, 1983 that the debtor filed her homestead deed claiming exemptions in various property. Among the exemptions claimed therein by the debtor were her "rights under 11 U.S.C. § 522(g) and (h)—$375.25." It is this latter claimed exemption which is in dispute in this matter.

On the same day that the debtor filed her homestead deed she also filed a Chapter 7 petition in bankruptcy and listed as exempt the property contained in the aforesaid homestead deed. The Chapter 7 trustee filed a "no-asset" report in this case on January 13, 1984. The debtor was discharged on March 27, 1984.

## CONCLUSIONS OF LAW

The issue brought before the Court in this case is whether or not a debtor may claim as exempt certain garnished wages later recovered under 11 U.S.C. § 522(g) and (h) as a preference when the debtor may not have complied with the requirements of Virginia exemption law relating to the timeliness of recording and specificity of homestead deeds.

## I.

■ The exemption provisions of the Bankruptcy Code are found in 11 U.S.C. § 522. Pursuant to § 522(b), Virginia elected to "opt-out" of the federal exemptions contained in § 522(d). Va.Code § 34–3.1.[1] Thus, in Virginia, a debtor may only exempt that property which is allowable under the Virginia exemption statutes, which includes, among others, Va.Code § 34–4.[2] Although a state may opt-out of the federal exemptions, section 522 nevertheless gives the Virginia debtor various rights to protect Virginia exemptions. Among those rights is the ability to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [section 522(b)] ... if such lien is ... a judicial lien." 11 U.S.C. § 522(f)(1). In addition to § 522(f), the debtor is also given the right to either exempt property that the trustee recovers under various sections, or if the trustee does not attempt to avoid the transfer, the debtor is given the privilege to stand in the shoes of the trustee and not only recover the property but exempt it if the requirements of those subsections are met. 11 U.S.C. § 522(g), (h).[3]

The debtor contends that she is entitled under § 522(g) and (h) to avoid VNB's garnishment and exempt the recovered wages as a preference. VNB argues that § 522(g) and (h) only have application where the exemption is otherwise allowable under state law when a state has opted-out. VNB's contention is that the debtor failed to meet the requirements of Virginia law, thus failing to perfect her exemption.

## II.

There are several provisions of the Virginia Code which regulate the taking and perfection of homestead exemptions. Virginia Code § 34–14[4] sets out *how* the exemption is to be accomplished. That section requires that a homestead deed be filed in the jurisdiction where the debtor resides describing with "reasonable certainty" the property to be exempted and ascribing a value to the property. *Id.* Virginia

---

1. Section 34–3.1. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act ... except as may otherwise be expressly permitted under this title.

2. Section 34–4. Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34–26, 34–27 and 34–29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, *his real and personal property,* or either, to be selected by him, *including money and debts due him,* to the value of not exceeding $5,000.00. The word "debt," as used in this title, shall be construed to include a liability incurred as a result of an unintentional tort. (Emphasis added).

3. Section 522(g). Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

Section 522(h). The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
(2) the trustee does not attempt to avoid such transfer.

4. Section 34–14. Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof; and such writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides.

Code § 34–17 [5] requires that the Virginia homestead exemption may be taken at any time before the property is subjected "by sale or otherwise" under legal process. It also provides that the exemption must be declared before or on the same day a voluntary petition in bankruptcy is filed. Thus, § 34–17 regulates *when* the exemption may be taken.

In this regard, VNB contends that the debtor failed to meet the requirements of sections 34–14 and 34–17. With respect to § 34–14, VNB contends that the debtor's designation in her homestead deed of "rights under § 522(g) and (h)—$375.25" is not a sufficient description so as to comply with the Virginia Code requirement of "reasonable certainty." VNB also contends that Virginia Code § 34–17 was not satisfied because the debtor did not exempt her wages prior to the return date of the writ of garnishment and, thus, the property had been subjected "by sale or otherwise" to execution or other legal process and that the fact that the debtor sought to exempt those same wages in her homestead deed filed on November 22, 1983, the day she filed bankruptcy, did not cure that defect.

### A.

The federal courts sitting in Virginia have had the opportunity to apply the requirement of Virginia Code § 34–14 that a homestead deed be filed describing the proposed exemption with "reasonable certainty." In the case of *In re Wilson,* 108 F. 197 (W.D.Va.1901), the court stated the purpose of the statute:

> The requirement of the statute is a wise and reasonable one. Its purpose is to enable creditors to ascertain, by inspection of the different articles and the prices affixed thereto, whether the debtor is making a fair and honest claim of homestead, or whether he is giving an

underestimate of its value, and thereby securing to himself property that should be subjected to the payment of his debts. *Id.* at 198. In the more recent case of *Shirkey v. Leake,* 715 F.2d 859 (4th Cir. 1983), the Fourth Circuit stated that:

> The requirement that personal property be described with "reasonable certainty" cannot be defined by a universal standard. Nonetheless, courts cannot be allowed to make wholly subjective determinations of reasonableness. Whether a description is reasonably certain involves a judgment that takes into consideration the purpose of the exemption statutes and the characteristics of the object to be described. Certain clearly defined principles exist to assist a court in the exercise of its discretion.

*Id.* at 861–62.

This Court takes note of the fact that the Virginia exemption statutes are remedial in nature and are to be liberally construed. *See In re Smith,* 22 B.R. 866 (Bankr.E.D.Va.1982); *In re Perry,* 6 B.R. 263 (Bankr.W.D.Va.1980). The Court is also mindful that the purpose of homestead exemptions is to protect debtors from being left destitute from creditor process and the requirement that a homestead deed be recorded is to enable creditors to ascertain whether the debtor is underestimating the value of the property he claims exempt. *In re Smith,* 22 B.R. 866, 867 (Bankr.E.D.Va. 1982).

If the Court were to apply the test established by the Fourth Circuit in *Shirkey,* this Court would have to consider both the purpose of the exemption statutes and the characteristics of the object to be described in order to make a finding that the debtor's assertion in her homestead deed of "rights under § 522(g) and (h)—$375.25" was reasonably certain. However, for the reasons hereinafter stated in this opinion, the Court

---

**5.** Section 34–17. The real or personal estate which a householder is entitled to hold as exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process, provided that (1) any person who files a voluntary petition in bankruptcy may set it apart before or on the same day that he files his petition but not thereafter, or (2) any person against whom an involuntary petition in bankruptcy is filed may set it apart at any time before the expiration of the period after its adjudication within which he is required to file his schedules.

need not reach the issue of whether the debtor has complied with the requirement of reasonable certainty contained in § 34–14 of the Virginia Code.

### B.

VNB contends that even if this Court were to find that the debtor filed her homestead deed describing her exemptions with reasonable certainty under Virginia Code § 34–14, that the debtor is nevertheless barred by § 34–17 from claiming such an exemption because of the failure to file her homestead deed prior to the return date of the garnishment writ. VNB contends that § 522(g) and (h) only apply to the extent that an exemption is allowable under Virginia exemption law. VNB asserts that because the debtor failed to timely exempt her wages, the exemption is no longer allowable and, therefore, § 522 of the Bankruptcy Code cannot be used to recover the lost exemption. Thus, if VNB is correct in its analysis, the debtor's filing of her homestead deed on November 22, 1983 claiming wages exempt as rights under § 522(g) and (h) is of no effect in perfecting the exemption. The debtor contends that § 522(g) and (h) allow her to not only recover the property from the creditor as a preference but to thereafter make a post-petition exemption of such property irrespective of her failure to claim it exempt prior to the return date of the garnishment writ. VNB contests the debtor's right to amend her homestead deed after the filing of her bankruptcy petition and cites several cases in support thereof.

■ The Virginia Supreme Court had the opportunity to construe Virginia Code § 34–17 in the context of a garnishment proceeding in *Wilson v. Virginia National Bank*, 214 Va. 14, 196 S.E.2d 920 (1973). In *Wilson*, the court held that a party who wishes to exempt wages may file a home-

stead deed "at any time before a court order or decree directs a sale or as in this case, otherwise orders the payment of money by the garnishee to the judgment creditor at a hearing of the garnishment proceeding." *Id.* at 15, 196 S.E.2d 920. This construction of Virginia law by the Virginia Supreme Court meant that an individual may exempt wages from garnishment by filing a homestead deed at any time prior to the return date of the garnishment proceeding. The undisputed facts in the case at bar is that Ms. Smith did not file her homestead deed prior to the return date of the garnishment which was November 3, 1983. This Court concludes that the debtor failed to comply in this respect with the requirements of the Virginia Code. However, the question is whether the debtor is entitled to exempt those wages under § 522 of the Bankruptcy Code irrespective of this failure.

■ Under 11 U.S.C. § 522(g) the debtor is allowed to exempt property that the trustee recovers "to the extent that the debtor could have exempted such property under subsection (b) of this section ..." if the following requirements are met: (1) the transfer was involuntary and the debtor did not conceal the property; or (2) the debtor could have avoided the transfer under § 522(f)(2). Section 522(h) allows the debtor to step into the shoes of a trustee and avoid transfers under various sections of the Bankruptcy Code if the trustee does not attempt to avoid the transfer and if the "debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer...." The legislative history of § 522(g) and (h) articulates clearly that the intent of Congress was to allow the debtor to exempt property after the filing of the petition in bankruptcy.[6]

---

**6.** The legislative history states:

Subsection (g) gives the debtor the ability to exempt property that the trustee recovers under one of the trustee's avoiding powers if the property was involuntarily transferred away from the debtor (such as by the fixing of a judicial

lien) and if the debtor did not conceal the property....

If the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the prop-

The only limitation on the debtor's ability to exempt property recovered under § 522(g) and (h) is contained in § 522(i) which makes clear that the debtor may only exempt property to the extent that he has not exempted more property than allowed under § 522(b).[7] In Virginia, the maximum limitation under Virginia Code § 34–4 is $5,000.00.

The debtor in this case seeks to avoid VNB's garnishment under § 522(h) and § 547(b) of the Bankruptcy Code. Assuming for the moment that this is an avoidable preference, the facts would indicate that the trustee has not attempted to avoid the transfer under § 547. Thus, the debtor may step into the shoes of the trustee and avoid the transfer and exempt the property to the extent that the property could have been exempted under (g)(1) of § 522 if the trustee had avoided the transfer. Looking then to § 522(g)(1) the Court finds that there is no evidence whatsoever that the debtor concealed her wages and there is no question but that the garnishment was an involuntary transfer by the debtor. Thus, the property is exemptable under subsection (g)(1) if this Court finds that the debtor "could have exempted such property under subsection 522(b) of this section *if such property had not been transferred.*" 11 U.S.C. § 522(g). (Emphasis added).

■ The Court concludes that if Mrs. Smith's wages had not been transferred to VNB under the writ of garnishment she would have retained her property interest in such wages and they would have been available for exemption on her homestead deed filed November 22, 1983. Were it not for the garnishment, this debtor could have exempted those wages because she properly filed her homestead deed prior to bankruptcy. It is instructive that the statute says *could have* exempted such property. Thus, this Court reads the statute as being in the hypothetical and reads the intent of the drafters of the legislation as being to protect the debtor's exemptions.

This Court's interpretation of § 522(g) and (h) is supported by the recent case of *Deel Rent-A-Car, Inc. v. Levine,* 721 F.2d 750 (11th Cir.1983). In *Deel Rent-A-Car,* the Eleventh Circuit sought to reconcile a conflict between a Florida law which made an exemption ineffective as to certain lien creditors and the provisions of § 522(g) and (h) allowing the debtor to claim a post-petition exemption in recovered property. The court held that the lien against the debtor's condominium was a preference under § 547 of the Bankruptcy Code which could be avoided by the debtor under § 522(h) and exempted even though to allow the exemption would be in conflict with Florida state law governing exemptions. The court held that assuming all the elements of § 522(g) and (h) were met a debtor could protect his exemptions by avoiding a transfer and claiming a post-petition exemption if the debtor could have exempted the property if it had not been transferred. In *Deel Rent-A-Car,* if the creditor had not received a preferential judgment lien on the condominium prior to the filing of the bankruptcy petition, the debtor, Levine, could have exempted the property in its entirety under Florida law. Thus, the Court held that if the property had not been transferred (*i.e.,* the acquisition of a judgment lien) the debtor could have claimed the exemption and, therefore, the debtor had standing under § 522(h) to avoid the preference and exempt the property.[8]

■ The apparent intent of Virginia Code § 34–17 requiring the filing of a

---

erty.... [T]he section is primarily designed to give the debtor the rights the trustee could have pursued if the trustee chooses not to pursue them. H.R.Rep. No. 595, 95th Cong., 1st Sess. 362–63 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

**7.** *See In re Lawrence,* 18 B.R. 360 (Bankr.E.D.N.Y.1982) (where the court held that the debtor could not avoid a transfer using § 522(h) since he had already used his maximum federal exemptions under § 522(d)).

**8.** The Eleventh Circuit noted that although its holding had the effect of giving the debtor a broader exemption than that provided for by state law, nevertheless its holding was "mandated by the clear language of the statute." *Deel Rent-A-Car,* 721 F.2d at 754.

homestead deed to exempt wages prior to the return date of the writ of garnishment is to make the debtor, should he desire to exempt such property, do so before he loses any interest in the property. Once the court orders the transfer of wages to the creditor, the debtor no longer has any interest in the property. *See Eggleston v. Third National Bank of Nashville*, 19 B.R. 280 (M.D.Tenn.1982). This law protects the creditor from fear of a subsequent exemption by the debtor and places a stamp of finality on the matter. If the debtor does not choose to exempt his wages prior to the return date on the writ of garnishment, under Virginia law he cannot do so later. This Court is aware of the effect a contrary ruling may have on this policy. However, the strong policy of the Bankruptcy Code under § 522(g) and (h) is to allow the debtor to recover such property and exempt it where, as here, the property was preferentially transferred. This policy is a reversal of the prior policy under the Bankruptcy Act of 1898, as amended, where it was provided in § 6 that a debtor could *not* exempt any property recovered for the benefit of the estate. *See* 3 Collier on Bankruptcy, ¶ 522.30 at 522–87 (15th ed. 1979).

 This Court under the doctrine of *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981), cannot adopt a construction of Virginia law which is in conflict with federal bankruptcy law. In *Cheeseman* the court said:

> Because Congress has the power under the Constitution to establish uniform bankruptcy laws, U.S. Const. Art. I, § 8, and enacted a specific provision for exemptions, 11 U.S.C. § 522, we must adopt an interpretation of Virginia's law that does not conflict with the Act's exemption provision. *See International Shoe Co. v. Pinkus*, 278 U.S. 261, 263–64, 49 S.Ct. 108, 109–10, 73 L.Ed. 318 (1929).

*Id.* at 63. This Court, therefore, holds that to the extent that Virginia law would bar a debtor from exempting property under § 522(g) and (h) of the Bankruptcy Code,

the federal law must supercede Virginia law. Thus, if the Court finds this garnishment to have been an avoidable preference, the debtor may recover her wages and exempt the property unless the debtor is not entitled to amend her homestead deed subsequent to the filing of her bankruptcy petition. It is to this latter issue that we now turn.

### III.

Virginia Code § 34–17 says that a debtor shall file his homestead deed claiming exemptions on the day of or before filing his petition in bankruptcy but not thereafter. This Court has reviewed the leading cases in the area. In *Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982), the Fourth Circuit held that a debtor who had filed his homestead deed in the wrong jurisdiction could not amend his homestead deed to cure that defect after filing his petition in bankruptcy. The court held that the exemption was lost for failure to claim the exemption in the manner prescribed by state law. Likewise, in the case of *In re Matter of Waltrip*, 260 F.Supp. 448 (E.D. Va.1966), the court held that a homestead deed may be amended after bankruptcy to increase the valuation of property but not to set apart new property. *Id.* at 451.

Virginia Code § 34–17 has been applied most frequently, however, in the Fourth Circuit and in Virginia, in the context of the debtor's ability to amend his homestead deed to include tax refunds. Two cases in Virginia, *Collins v. Peyton*, 24 B.R. 485 (E.D.Va.1982) and *In re Sutphin*, 24 B.R. 149 (Bankr.E.D.Va.1982) held that debtors could not amend their homestead deeds to claim an exemption in tax refunds after having failed to exempt such property in their homestead deeds filed prior to bankruptcy. Additionally, in *Shirkey v. Leake*, 715 F.2d 859 (4th Cir.1983), the Fourth Circuit held that while the general rule was that a homestead deed could not be amended after the filing of bankruptcy to include federal and state income tax refunds, nevertheless a clarifying amendment was allowed where the debtor mistakenly put in his homestead deed the wrong year for

which he was entitled to receive a tax refund.

Under Virginia Code § 34–4 a debtor may exempt real and personal property including money and debts due him up to an amount of $5,000.00. In the tax refund line of cases, the debtor's entitlement to receive a tax refund is a "debt due" to him and thus is an interest in property which must be claimed exempt prior to the filing of the petition in bankruptcy. This Court finds the provisions of Virginia Code § 34–17 requiring the debtor to file his homestead deed prior to bankruptcy entirely consistent with the provisions of the Bankruptcy Code. Where the debtor has an interest in property at the time of filing his homestead deed he must claim it exempt or it will be lost. In the case of a tax refund, the Virginia Code clearly allows an exemption for a "debt owed." However, where the debtor does not own real or personal property, including money or debts due, then there is nothing for the debtor to exempt. *See May v. People's Banking Co.*, 33 B.R. 599 (Bankr.N.D.Ohio 1983) (where the court held that a debtor who had sold a handgun prior to filing his petition in bankruptcy had no interest in the weapon which could be exempted). Thus, the tax refund line of cases is distinguishable from the case at bar in that the debtor here did not have any interest in her garnished wages at the time she filed her homestead deed on November 22, 1983. *See Eggleston*, 19 B.R. 280 (M.D.Tenn. 1982) (the court holding that a debtor retains an interest in garnished wages until the court orders the property turned over to the creditor).

■■■■ Thus, this Court concludes that Virginia law and bankruptcy law are consistent in this respect: if a debtor owns or has an interest in property which is properly exemptable under Virginia Code § 34–4 then the property must be claimed as exempt prior to the filing of the bankruptcy petition and may not be claimed as exempt thereafter; but that if there is no interest presently available to be exempted by the trustee or the debtor until a preferential transfer is avoided under § 547 of the Bankruptcy Code, then this Court is of the opinion that such amendments may be allowed post-petition to allow the debtor to claim exempt the recovered property so long as the maximum exemptions have not been taken. This Court specifically holds that wages recovered as a preference under § 522(h) may be exempted by the debtor by amending a previously filed homestead deed.[9]

This Court is aware of an apparent retreat by the Fourth Circuit from a strict interpretation of Virginia Code § 34–17. Beginning in *Shirkey*, the court allowed a debtor to amend his homestead deed after the filing of his petition in bankruptcy to clarify which year the debtor was entitled to a federal and state income tax refund. Although the debtor's homestead deed did not literally comply with the requirements of Virginia Code § 34–17 and the amendment was not sought merely for the purpose of adjusting valuation, the court nevertheless allowed the amendment. Similarly, in *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984), the court allowed the debtor to amend his homestead deed to claim as exempt the proceeds from a settlement of a personal injury claim which was not claimed exempt on the debtor's homestead deed prior to the filing of his petition in bankruptcy. In *Tignor*, the court found that an unliquidated personal injury claim was a "debt due" within the meaning of Virginia Code § 34–4. Just as in the tax

---

**9.** It is for this reason that this Court need not reach the reasonable certainty issue presented by *Va.Code* § 34–14 which VNB argues precludes the debtor's exemption of the garnished wages. VNB's argument assumes that the debtor in fact held an interest in the garnished wages at the time of recording her homestead deed on November 22, 1983 which could be claimed exempt under *Va.Code* § 34–4. However, the transfer of wages to VNB on November 3, 1983 divested Smith of any interest in the property which could later be claimed exempt under a homestead deed. Any rights accruing under § 522(g) and (h) had not matured at the time of recording her homestead deed since no petition in bankruptcy had been filed to activate those rights.

refund line of cases where a tax refund is also considered a "debt due," the courts have required the tax refund to be claimed as exempt in the homestead deed prior to filing bankruptcy with no amendments being allowed for the failure to do so. *See Collins v. Peyton,* 24 B.R. 485 (Bankr.E.D. Va.1982); *In re Sutphin,* 24 B.R. 149 (Bankr.E.D.Va.1982). Despite the authority found in the tax refund line of cases, the Fourth Circuit in *Tignor* nevertheless allowed the debtor to amend his homestead deed to include the proceeds from the settlement of his personal injury claim up to the $5,000 limitation found in Virginia Code § 34–4.

 The conclusion which this Court has reached is that although Virginia law would appear at first blush to be such as to foreclose *any* amendments to a homestead deed after the filing of a petition in bankruptcy except for adjustments in the valuation of property already claimed exempt, this is not in fact a complete picture. Whether or not one can properly claim an exemption depends, in the first instance, on whether the debtor owns or has an interest in the subject property. Where the debtor does not have ownership or some other interest in the property when filing the homestead deed prior to bankruptcy, then § 34–17 is inapplicable. Therefore, the Court holds herein that on November 22, 1983, Smith held no exemptable interest in wages garnished by VNB and could not acquire an exemptable interest until the property was recovered from the creditor and became property of the estate. Once a

§ 522(g) and (h) action is prosecuted by a debtor to successful completion, the debtor may file an amended homestead deed to exempt the recovered property. This result is not changed by the argument of counsel that § 34–17 requires a homestead deed be filed before the return date on a writ of garnishment. As discussed above, this requirement is superceded by the provisions of § 522(g) and (h).

## IV.

 The remaining question to be decided is whether or not the garnishment was a preference within the meaning of 11 U.S.C. § 547(b).[10] In *Mayo v. United Services Automobile Association,* 19 B.R. 630 (E.D.Va.1981), the district court held that a garnishment of wages "earned by the debtor within 90 days of the filing of a bankruptcy petition is a preferential transfer to a judgment creditor." *Id.* at 633. The creditor had argued that inasmuch as the lien on intangibles had been perfected more than 90 days prior to the debtor's filing of his bankruptcy petition, the garnishment was not a preference within the meaning of § 547(b). The court rejected this approach and in adopting *In re Cox,* 10 B.R. 268 (Bankr.D.Md.1981), held that a transfer does not occur until the debtor has acquired rights in the collateral and that such rights did not accrue until the wages were actually earned. Thus, as to any wages earned and garnished during the 90 days prior to bankruptcy, the writ of garnishment constituted an avoidable preference under § 547(b).[11]

---

**10.** Section 547(b). Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

 (1) to or for the benefit of a creditor;

 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

 (3) made while the debtor was insolvent;

 (4) made—

 (A) on or within 90 days before the date of the filing of the petition; or

 (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

 (i) was an insider; and

 (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

 (5) that enables such creditor to receive more than such creditor would receive if—

 (A) the case were a case under chapter 7 of this title;

 (B) the transfer had not been made; and

 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**11.** For cases in other jurisdictions holding garnished wages to be a preference, see *In re Button,* 29 B.R. 118 (Bankr.E.D.Tenn.1983); *In re Cobb,* 17 B.R. 687 (Bankr.E.D.Tenn.1982); *In re*

In the instant matter, the return date on the writ of garnishment was November 3, 1983. At that time VNB received a check from Henrico County General District Court for $375.25 reflecting wages withheld by the debtor's employer during the 90 days preceding the debtor's filing of her petition in bankruptcy. The actual transfer of the wages to VNB occurred 19 days prior to the filing of the debtor's petition in bankruptcy. Accordingly, this Court finds that the transfer to VNB was a preference in that the garnishment was to or for the benefit of a creditor; for or on account of an antecedent debt owed by the debtor before such transfer was made; made while the debtor was insolvent;[12] made on or within 90 days before the date of the filing of the petition; and inasmuch as the Chapter 7 trustee filed a no-asset report in this case, the transfer enabled the creditor to receive more than such creditor would have received if the transfer had not been made.

## V.

■ In summary, the Court finds that Smith is empowered under § 522(h) to avoid the transfer of wages to VNB pursuant to the writ of garnishment as a preference under § 547(b). The debtor has standing to avoid under § 522(h) because the trustee has not sought to avoid the preference and the property is otherwise exemptable under § 522(g)(1). The wages are exemptable under the latter section because the property was exemptable under § 522(b) and Virginia law had the property not been transferred. The transfer of Smith's wages to VNB was involuntary and there is no allegation that the debtor concealed her property. As such, the strong policy of the Bankruptcy Code allowing the debtor to protect her exemptions allows her to recover the property and claim it exempt although she did not literally comply with the provisions of Virginia law by filing her homestead deed

prior to the return date of the garnishment. Although the debtor claimed "rights under § 522(g) and (h)—$375.25" in her homestead deed prior to filing her petition in bankruptcy, she had no interest in the wages at that time which she could exempt under Virginia Code § 34-4. Whatever rights accrue under § 522(g) and (h) only mature after the filing of her bankruptcy petition. Therefore, at the time of filing her homestead deed she had no interest in that property in which to exempt.

The Court further finds that the clear legislative intent of the Bankruptcy Code is to allow the debtor to amend his exemptions to include property recovered under § 522. Although there is Virginia case law to the effect that no amendments may be filed, these cases have all dealt with property which the debtor had an interest in at the time of filing the homestead deed and which interest should have been claimed exempt prior to the filing of the bankruptcy petition. These cases can be distinguished from the case currently before the Court because the debtor could not recover her interest until after the filing of her petition in bankruptcy. The fact that the debtor once had an interest in her wages which could have been claimed as exempt in compliance with Virginia law is not persuasive in light of the clear intent of § 522(g) and (h) to allow the debtor to exempt such property to the extent that it could have been exempted had the transfer not occurred. To hold otherwise would destroy the protections given to the debtor by the Bankruptcy Code under § 522(g) and (h). It has been held that Virginia's decision to opt-out of the federal exemptions does not affect a debtor's right to use the remaining provisions of § 522, which would include the exemption provisions of § 522(g) and (h). *See Dickens v. Snellings,* 10 B.R. 949 (Bankr.W.D.Va.1981). Accordingly, the Court holds that the debtor in this case is not precluded from amend-

*Smith,* 21 B.R. 345 (Bankr.M.D.Fla.1982); and *In re Eggleston,* 19 B.R. 280 (Bankr.M.D.Tenn. 1982).

12. The debtor is presumed insolvent during the 90 days immediately preceding the date of the filing of her bankruptcy petition under § 547(f).

ing her homestead deed to include therein property not part of the estate at the time of filing the petition but subsequently made a part of the estate by application of § 522(h). In this case, that property consists of the garnished wages in the amount of $375.25 paid over to VNB on November 3, 1983.

An appropriate Order will issue.