Barry R. Lenk, Washington, D.C., for debtor.

Paul D. Pearlstein, Washington, D.C., Trustee.

**In re David P. KENT, Debtor.**

**Bankruptcy No. 84–00038.**

United States Bankruptcy Court, District of Columbia.

June 11, 1984.

### ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the trustee's motion to dismiss or transfer, the trustee's opposition to the debtor's claimed exemptions, the debtor's stipulation consenting to dismissal without prejudice and the trustee's opposition to the debtor's stipulation, in which the trustee requests that any dismissal be with prejudice, it is, on June 11, 1984,

ORDERED that this case is dismissed without prejudice.

It may be, as the trustee contends, that the Bankruptcy Code and Virginia's opt-out statute restrict the debtor, a Virginia resident, to those exemptions that are allowable under Virginia state law. If so, under Virginia law the debtor would be required to file a homestead deed *before* his bank-

ruptcy petition is filed. *In re Collins*, 24 B.R. 485 (Bkcy.E.D.Va.1982). Therefore, a transfer of this case to Virginia might well deprive· the debtor of his right to *any* exemptions, assuming that he has not yet filed a homestead deed. Surely this would be an inequitable penalty merely for having chosen the wrong venue. The debtor by his stipulation has consented to the trustee's motion to dismiss. That motion, as distinguished from the trustee's opposition, did not ask for dismissal with prejudice.

In view of this disposition of this case, it is unnecessary for the court to make any decision now concerning whether, notwithstanding contrary decisions such as *In re Sullivan*, 680 F.2d 1131 (7th Cir.1982), *cert. den.*, 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388, the opt-out provision of the Bankruptcy Code, 11 U.S.C. § 522(b)(1), violates the Constitutional requirement for "uniform laws on the subject of bankruptcies" (Art. I, § 8, cl. 4), or the equal protection or due process clauses of the Constitution, or constitutes unconstitutional delegation of Congressional authority, or is otherwise contrary to the Constitution.