# Richmond

## RENA P. WILSON v. VIRGINIA NATIONAL BANK.

June 11, 1973.

Record No. 8140.

Present, Snead, C.J., I'Anson, Carrico, Cochran and Poff, JJ.

*Wayland P. Britton,* for plaintiff in error.

*Stuart D. Glasser* (*Glasser & Glasser,* on brief), for defendant in error.

Per Curiam.

The question presented in this case is whether the judgment debtor, Rena P. Wilson, timely filed a homestead deed to exempt her bank accounts from garnishment by the judgment creditor, Virginia National Bank.

On April 22, 1971, Virginia National Bank obtained a judgment in the Chesapeake Municipal Court against Mrs. Wilson and her husband, Allen B. Wilson. After Wilson's death in January 1972 Mrs. Wilson received life insurance proceeds which she deposited in four different banks.

On March 7 and 8, 1972, Virginia National Bank caused garnishment summonses to be served on the banks as garnishees, and on Mrs. Wilson on March 9. The return date of the garnishment proceeding was April 11, 1972.

On April 7, 1972, Mrs. Wilson claimed the benefit of her homestead exemption by executing a homestead deed, which was duly recorded on April 10, 1972.

The court below held that the accounts were not exempt because Mrs. Wilson filed her homestead deed subsequent to Virginia National Bank's garnishment summons and lien execution.

The question presented is controlled by Code § 34-17, which in pertinent part provides:

"The real or personal estate which a householder, his widow or minor children are entitled to hold as exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process . . . ."

We construe the language "subjected by sale or otherwise under judgment, decree, order, execution or other legal process" to mean that a homestead deed may be filed at any time before a court order or decree directs a sale or, as in this case, otherwise orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceeding. See *Smith* v. *Holland*, 124 Va. 663, 666, 98 S.E. 676, 677 (1919). Hence we do not agree that the language in Code § 34-17 means, as contended by Virginia National Bank, that property may not be set aside as exempt after it is *subject to* the lien of the judgment and after a garnishment proceeding has been instituted.

Since Mrs. Wilson's bank accounts were not "subjected by sale or otherwise" before the recordation of the homestead deed, she is entitled to claim the benefit of her exemption.

Accordingly, the judgment is reversed and final judgment is here entered for Mrs. Wilson.

*Reversed and final judgment.*