## CIRCUIT COURT OF ROCKINGHAM COUNTY

Glenn M. Weatherholtz,
Sheriff of Rockingham County

v.

Price Builders

v.

Raymond Galford

June 22, 1977

Case No. (Chancery) 7972

By JUDGE JOSHUA L. ROBINSON

The question presented in this case is whether the judgment debtor, Price, timely filed a homestead deed to exempt his motorcycle from sale under an execution by the judgment creditor, Raymond Galford.

On November 15, 1976, the judgment creditor obtained a Writ of Execution from the General District Court of Rockingham County against Price Builders. On November 29, 1976, the Sheriff levied on a motorcycle owned by the judgment debtor, and took possession of it on February 2, 1977. (Although the execution was issued November 15, 1976, and was returnable within 60 days, no question is raised with respect to the viability of the execution. *See* Code § 8-412.) On February 4, 1976, Price[1] filed a homestead deed claiming the motorcycle as exempt, and demanded that the Sheriff return it to him. The Sheriff filed this suit against Price praying judgment of the Court as to whether he should comply with this demand,

---

[1] The name of the judgment debtor on the execution and in the pleadings here, is "Price Builders" which appears to be a trade name. No question is raised with respect to the debtor's right to claim the homestead exemption.

and the judgment creditor accepted the Court's invitation to intervene.

The case is controlled by § 34-17 of the Code of Virginia, which provides in relevant part:

> the. . . personal estate which a householder . . . (is) entitled to hold as exempt may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process.

The question then becomes whether the homestead deed was filed before the property was "subjected" under execution, at the time of the levy. If the property was so "subjected" at the time the lien of the execution attached, the homestead deed was filed too late.

The question is answered by *Wilson* v. *Virginia National Bank*, 214 Va. 14 (1973), where the homestead deed was filed after the issuance of the execution and a summons in garnishment. Under *Code* § 8-431, the writ of *fieri facias* is a lien on intangible personal property from the time it is delivered to the Sheriff. (See 1977 Acts, Ch. 617; § 8.01-501) In *Wilson* the Court drew a distinction between "*subject* to the lien of the judgment (sic)" and "subjected by sale or otherwise under judgment. . . execution; or other process," and held that the property could be claimed as exempt until such time as it was subjected by sale or order of Court. 214 Va. at 15.

Until July 1, 1977, the writ of *fieri facias* is a lien on tangible personalty from the time it is delivered to the officer to be executed Code 8-411. (Compare 1977 Acts, Ch. 617; § 8.01-478, and N.B. revisor's note.)

Since the right to claim the exemption under *Code* 34-17 is not affected by the time the lien of the levy attaches, but only by "sale or otherwise," the Court is of the opinion that the homestead deed was timely filed.

Counsel for the judgment debtor may submit an appropriate order. (Although the judgment debtor prevailed, the Sheriff brought the suit for his benefit. The judgment creditor became a party only at the Court's invitation. It is therefore appropriate that costs be assessed against the debtor and they be a lien against the motorcycle. The order should therefore include language substantially as follows ". . . upon payment by Price of the costs

of this suit in the amount of $. . . the Sheriff shall deliver the motorcycle to him.")