## CIRCUIT COURT OF THE CITY OF RICHMOND

Larry Cline

v.

Phyllis Cline

August 30, 1990

Case No. LS-2141-2

By JUDGE RANDALL G. JOHNSON

The issue before the court is whether a homestead deed filed by a judgment creditor *after* the return date of a garnishment summons, but *before* any money is paid over to the judgment creditor pursuant to the garnishment, prevents such money from being paid over pursuant to the garnishment.

The particular facts of this case are that the judgment creditor domesticated two foreign judgments in this court. He then filed garnishment summonses against Digital Equipment Corporation Credit Union which were returnable on July 31, 1990. On the return date, the debtor, by counsel, filed an exemption and scheduled a hearing before the court for August 10. At the hearing on August 10, the debtor presented a homestead deed which had been filed just a few hours before the hearing, and which listed as exempt property the $3,413.50 being held by the garnishee pursuant to the garnishment summons. The creditor now argues that the homestead deed was filed too late to effectively set apart the property claimed to be exempt. The court does not agree.

Va. Code § 34-17 provides, in pertinent part:

Section 34-17. *When exemption may be set apart.* -- The real or personal estate which a householder is entitled to hold as exempt may be set apart

> at any time before it is subjected by sale under creditor process, *or, if such creditor process does not require sale of the property, before it is turned over to the creditor.* (Emphasis added.)

Here, the homestead deed was unquestionably filed before the funds were turned over to the creditor. Indeed, those funds have never been turned over. The creditor insists, however, that the statute should be interpreted in such a way as to prevent the debtor from frustrating the creditor's collection efforts by claiming an exemption on the original return date when the homestead deed itself was not filed until later. In other words, according to the creditor, the court should consider the circumstances as they existed on the return date without regard to any exemptions claimed after that time. This argument ignores the clear and unambiguous language of the statute.

In order to reach the result proposed by the creditor, the court would either have to read into the statute a provision that its language only applies if the exemption is set apart prior to the return date of a garnishment summons, or hold that the phrase "turned over to the creditor" means something other than giving the creditor physical possession of the property. Such interpretations are unwarranted and improper.

In *Moore v. Gillis*, 239 Va. 239 (1990), the Court stated:

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it . . . . When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." 239 Va. at 241 (citation omitted).

Va. Code § 34-17 is clear and unambiguous. Where process does not require the sale of property, such property may be set apart as exempt any time "before it is turned over to the creditor." The statute contains no provisos or exceptions relating to continuances, delays, legal ploys, or any other matter. As long as the property has

not been turned over to the creditor, it may properly and effectively be set apart as exempt. Accordingly, the $3,413.50 now being held by Digital Equipment Corporation Credit Union may not be collected by the creditor under the pending garnishment summons and must be paid over to the debtor.