# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia,
Department of Labor and Industry

v.

Cecil Irwin and
Moore's Lumber & Building Supplies

June 4, 1993

Case No. CL93000169

BY JUDGE CLIFFORD R. WECKSTEIN

An employer withheld wages pursuant to a garnishment summons and transmitted the sums withheld to the clerk of the circuit court which issued the garnishment. After the clerk turned over those sums to the creditor but before the garnishment return date, the debtor filed a homestead deed exempting wages. The question thus presented is whether the sums turned over before the homestead deed was filed are exempt from the creditor's claim.

The facts, as I state them in this letter opinion, are those stipulated by the parties in a hearing held on May 20, 1993. Both parties agree that there are no facts in issue and that the question to be decided is purely one of law. Both parties also agree that the Supreme Court of Virginia has not addressed this question under our current garnishment statutes.

The plaintiff, the Commonwealth of Virginia, Department of Labor and Industry ("the Commissioner"), filed a suggestion for summons in garnishment, averring that principal defendant Cecil Irwin is a judgment debtor of the Commonwealth (owing a total of $1,106.26, in principal, interest and attorney's fees as of February 15, 1993), and that garnishment defendant Moore's Lumber & Building Supply is Mr. Irwin's employer, owing him wages subject to garnishment. The return date set forth on the suggestion was May 17, 1993.

The garnishment summons was served on Mr. Irwin and on Moore's on February 18, 1993. Pursuant to this summons, Moore's deducted $50.03 from Mr. Irwin's wages and mailed the clerk a check in that amount dated February 27, 1993, payable to the Commissioner. The clerk turned that check over to the Commissioner's attorney on March 10, 1993. Three additional checks, also payable to the Commissioner, were mailed by Moore's to the clerk and turned over by the clerk to the Commissioner's lawyer. A check dated March 13, in the amount of $100.35, was turned over on March 25. A check dated March 27, in the amount of $100.72, was turned over on April 8. And, a check dated April 10, in the amount of $98.66, was turned over on April 23.

The total deducted by Moore's from these four paychecks due to Mr. Irwin is $349.76. Mr. Irwin concedes that Moore's properly made deductions from his wages pursuant to the garnishment summons and, properly under Virginia Code § 8.01–520, sent these checks to the clerk.

On May 13, 1993 (four days before the date upon which the garnishment was returnable to court), Mr. Irwin filed a homestead deed, claiming $550.60 in wages as exempt from creditors. The Commissioner does not question the validity of this homestead deed. Nor does the commissioner challenge the assertion that a total of $199.64, contained in three checks received by the clerk but not turned over to the Commissioner's attorney before the homestead deed was filed, should be returned to Mr. Irwin, through his employer.

Mr. Irwin contends, however, that the filing of the homestead deed before the garnishment return date also exempts the $349.76 turned over by the clerk to the creditor's attorney. He argues that, although the employer had the right to remit withheld funds to the clerk before the return date, the clerk had no authority to turn over to the Commissioner, nor the Commissioner any right to receive, the funds so remitted, until the date the garnishment was returnable to court.

Mr. Irwin cites *Wilson v. Virginia National Bank*, 214 Va. 14, 196 S.E.2d 920 (1973), in support of his position, while acknowledging that Virginia's garnishment statutes have been revised since the *Wilson* decision.

In *Wilson*, summonses in garnishment were served on March 7, 8 and 9, 1972. The return date of the garnishment proceeding was April 11, 1972. On April 10, 1972, the principal defendant duly recorded a homestead deed. The trial court held that this defendant's bank ac-

counts were not exempt because the homestead deed had been filed subsequent to the creditor's garnishment summons and lien execution. The Supreme Court reversed.

In reversing, the Supreme Court noted that the case was controlled by Code § 34–17, which at that time provided, in pertinent part, that property to be held as exempt "may be set apart at any time before it is subjected by sale or otherwise under judgment, decree, order, execution or other legal process . . . ." *Id.*, 214 Va. at 15. The Court construed this language to permit filing of a homestead deed at any time before the trial court "orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceeding." *Id.* (Citation omitted.)

Code § 34–17 was rewritten in 1990. In pertinent part, it now reads that "[t]he real or personal estate which a householder is entitled to hold as exempt may be set apart any time before it is subjected by sale under creditor process, or, if such creditor process does not require sale of the property, before it is turned over to the creditor." Code § 34–17 (Repl. Vol. 1990). Mr. Irwin concedes that, in a wage garnishment proceeding such as this one, "creditor process does not require sale of the property." However, and as indicated above, he argues that the statute in its current form should be construed to reach the same result reached by the Supreme Court in *Wilson*, *i.e.*, that, since the homestead deed was recorded before the garnishment return date, Mr. Irwin is entitled to hold exempt all of the funds deducted from his wages pursuant to the garnishment summons. He suggests that, since there is no explicit authority for the clerk to turn over to the creditor, before the garnishment return date, funds remitted by the employer, I must read into the garnishment statutes a requirement that such funds not be turned over until the return date.

The difficulty with Mr. Irwin's position, as the Commissioner notes, is that it requires me to construe unambiguous language. "If statutory language 'is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it.' *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). 'When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply.' *Id.*" *Moore v. Gillis*, 239 Va. 239, 241, 389 S.E.2d 453 (1990); *see Cline v. Cline*, 20 Va. Cir. 493 (1990) (decided under the current form of Code § 34–17).

"Here," as the Supreme Court said in *Moore*, "the statutory language is not of doubtful meaning but is clear and unambiguous." *Moore v. Gillis, supra*, 239 Va. at 241. The "personal estate which [Mr. Irwin] is entitled to hold as exempt" had been "turned over to the creditor" before he set aside his exempt property by filing his homestead deed.

Mr. Irwin's attorney makes arguments very like those advanced by counsel in *Moore v. Gillis, id.* That is, he suggests that I must construe the statute in such a way as to avoid the "absurd" or "incongruous" result of requiring that a debtor file a homestead deed before he knows what property the creditor's process might reach; he suggests that a "reasonable construction" should be given to the garnishment laws consistent with what he argues was the legislature's intent and purposes. *Compare Moore, id.*, 239 Va. at 241.

I am, however, constrained by the proposition that I cannot interpret or construe legislative language which admits of a single and unmistakable meaning. Though Mr. Irwin would have me, in interpreting the statute, inquire into the circumstances under which the legislature might have intended for property to be "turned over to the creditor," I cannot do so. I cannot add to the plain words of the statute language which would require the clerk not to turn over to the creditor property until the garnishment return date. *See, County of Amherst v. Brockman*, 224 Va. 391, 397, 297 S.E.2d 805 (1982) ("[T]he statute does not contain any language restricting its application. The employer would have us read a grace period into the statute . . . . We may not add to a statute language which the legislature has chosen not to include."); *Barr v. Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672 (1990). Since 1990, and at all times relevant to the case at bar, Code § 34–17, as rewritten by the legislature subsequent to *Wilson v. Virginia National Bank, supra*, has not required "legal process" in any form before property is "turned over" to a creditor. Just as I cannot imply language which the General Assembly did not include in the statute, I cannot read into the statute a requirement that the legislature has deleted.

For the foregoing reasons, I hold that Mr. Irwin's claim of exemption as to the $349.76 turned over to the Commissioner is denied and that the Commissioner is entitled to these sums. As the parties have agreed, Mr. Irwin is entitled to return of the $199.64 (represented by checks payable to the Commissioner and currently in the court file) remitted by the employer but not turned over to the Commissioner

before the homestead deed was filed. Counsel will please agree upon the most efficient way of accomplishing the return to Mr. Irwin of these sums.