## CIRCUIT COURT OF THE CITY OF WINCHESTER

CRC, Ltd.

v.

Larry Dumont Lloyd

September 28, 1993

Case No. (Law) 93–163

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the motion of the Judgment Debtor to quash a garnishment of his wages and to return monies collected by his employer and paid to the Judgment Creditor before the return date on the garnishment on the basis that the Judgment Debtor had filed a Homestead Deed exempting his wages prior to the return date on the garnishment. Upon consideration of the argument of counsel and the memoranda of law filed by them, the Court has made the following decision to quash the garnishment.

### I. *Statement of Material Facts and Proceedings*

The following facts are established in the record of this cause.

On February 4, 1993, CRC, the Judgment Creditor, obtained a judgment in the amount of $1,360.07 against Larry Lloyd. After the judgment, Lloyd told CRC that he would make periodic payments to satisfy the judgment, but these were not made to the satisfaction of CRC. On March 26, 1993, CRC filed a garnishment summons in the Winchester General District Court, which was set for a return date on June 17, 1993.

Pursuant to the garnishment summons, Lloyd's employer withheld $779.62 from Lloyd's wages which it paid directly to CRC in eight separate installments between April 9, 1993, and June 11, 1993.

On June 15, 1993, Lloyd filed a Homestead Deed in the office of the Clerk of the Circuit Court of the City of Winchester exempting the

$779.62 which had been withheld by his employer and paid to CRC. Lloyd filed a Motion to Quash the Garnishment and requested the Court to order that the monies collected by the garnishee and paid to CRC be returned to him.

## II. *Conclusions of Law*

Virginia Code § 34–17 governs the filing of the homestead deed and expressly provides that:

> The real or personal property which a householder is entitled to hold as exempt may be set apart at any time before it is . . . turned over to the creditor.

While the language of this statute is not ambiguous, its application in the context of this case has created a controversy where the funds were turned over to the judgment creditor under the aegis of a garnishment summons.

Garnishment is a statutory proceeding in Virginia governed by Virginia Code § 8.01–511, *et seq.*, and is the procedure by which the debtor's funds are involuntarily turned over to the Creditor. A garnishment summons "is a warning to the garnishee not to pay the money or deliver the property of the Judgment Debtor in his hand, on penalty that if he does, he may subject himself to personal judgment." *Lynch v. Johnson*, 196 Va. 516, 520, 84 S.E.2d 419 (1954). The garnishment statute sets forth the provisions which the garnishee must follow so that liability does not personally accrue to him. Garnishment statutes are very detailed and technical. The form of the garnishment summons is specifically prescribed by Virginia Code § 8.01–512.3, and it specifically tells the garnishee what he is to do. The summons must notify the garnishee as follows:

> You are hereby commanded to:
> (1) file a written answer with this Court, or
> (2) *deliver payment to this Court*, or
> (3) Appear before this Court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the Judgment Creditor that . . . there is a liability as shown in this statement upon the garnishee.
>
> As garnishee, you shall withhold from the Judgment Debtor any sums of money to which the Judgment Debtor is or may be entitled from you during the period between the date of

service of this summons on you and the *date for your appearance in court* . . . .

The return date on the garnishment is governed by statute. Va. Code Ann. § 8.01–514. The statutory scheme contemplates that on the return date a hearing will be held on any exemptions filed by the debtor and any objections of the garnishee. Virginia Code Ann. §§ 8.01–515 through 8.01–519. The garnishee may pay the withheld funds to the Clerk before the return date, Virginia Code Ann. § 8.01–520, but the garnishee did not follow that prescribed procedure in this case.

"[H]omestead exemption provisions are considered as remedial, and the rule is that they must be liberally construed in favor of the debtor and strictly against the creditor. They are enacted to insure the unfortunate debtor and his equally unfortunate, but more helpless, family a means of shelter and a measure of existence." *Goldburg Co., Inc. v. Salyer*, 188 Va. 573, 577, 50 S.E.2d 272 (1948); *accord Homeowner's Loan Corporation v. Reese*, 170 Va. 275, 279, 196 S.E. 625 (1938). In *Wilson v. Virginia Nat'l Bank*, 214 Va. 14, 15, 196 S.E.2d 920 (1973), the Virginia Supreme Court decided under the predecessor to § 34–17, at what point a judgment debtor can file a Homestead Deed to effectively exempt property from creditor process, and the Court ruled:

> We construe the language "subjected by sale or otherwise under a judgment, decree, order, execution or other legal process" to mean that a Homestead Deed may be filed at any time before a court order or decree directs the sale or, as in this case, otherwise orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceedings.

The Wilson court proceeded then to uphold the exemption of the debtor's account pursuant to a Homestead Deed which had been filed after the garnishment proceedings had been instituted. While § 34–17 has been amended since *Wilson v. Virginia Nat'l Bank, supra*, this amendment does not alter the result in this case. The garnishment statutes have also been substantially amended since *Wilson v. Virginia Nat'l Bank, supra*, was decided to rectify perceived due process problems inherent in the former procedure but, again, without effect on the outcome of this case. *See, Harris v. Bailey*, 574 F. Supp. 966 (W.D. Va. 1983).

"[N]or judicial proceeding can deprive a man of his property without an opportunity to be heard in accordance with the provisions of the law . . . ." *Harris v. Deal*, 189 Va. 675, 687, 54 S.E.2d 161 (1949), and the return date on the garnishment is the debtor's opportunity to be heard. Under the present garnishment statute, the funds are not technically "turned over to the creditor" until the return date. Until that time, any funds paid by the garnishee directly to the judgment creditor are paid in contravention to the express provisions of § 8.01–520 and in violation of the debtor's due process rights, and, if paid directly to the judgment creditor, are wrongfully paid outside the protection of the garnishment statutes. If a valid exemption to the garnishment is filed by the judgment debtor, or, if before the return date, the judgment debtor files a homestead deed pursuant to § 34–17 exempting his wages from the garnishment issued by the judgment creditor, the judgment creditor must refund the sums wrongfully received to the judgment debtor.

## III. *Decision*

For the forgoing reasons, it is adjudged and ordered that the Judgment Debtor's Motion to Quash the Garnishment is granted, and the Judgment Creditor, CRC, Ltd., shall pay to Larry Dumont Lloyd the $779.62 which it received pursuant to the garnishment directly from the garnishee.