**In re Scott H. PARTRIDGE, Karen Scott Partridge, Debtors.**

**Scott H. Partridge, Karen Scott Partridge, Plaintiffs,**

v.

**Meyer, Goergen & Marrs, A Professional Corporation, Defendant.**

**Bankruptcy No. 00–60990–BNS.**

**Adversary No. 00–6023.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

March 27, 2001.

Brett Alexander Zwerdling, Zwerdling, Oppleman & Uvanni, Richmond, VA, for debtors.

Bradley P. Marrs, Meyer, Goergen & Marrs, P.C., Richmond, VA, for defendant.

B. Amon James, Richmond, VA, Acting Assistant U.S. Trustee.

Bruce E. Robinson, South Hill, VA, Chapter 7 Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

This matter comes before the court on debtors' motion to recover garnished wages from defendant. On January 24, 2001, the court entered an order granting a joint motion for judgment on the plead-

ings. Upon consideration of the pleadings, the court will hold that defendant did not violate the automatic stay when it refused to return the garnished funds, and debtors' motion will be denied without prejudice.

## FINDINGS OF FACT AND PROCEDURAL HISTORY

On February 2, 1999, defendant obtained a judgment against debtors in state court in the amount of $1,924.50.

On June 9, 2000, defendant caused a garnishment summons in the amount of $1,162.81 to be issued by the General District Court of the City of Richmond for execution on the judgment.

The garnishment summons was served on debtor Karen Partridge's employer. It instructed the garnishee to garnish debtor's wages on a bi-monthly basis beginning on August 7, 2000, and deliver payments to the state court.

Instead, defendant received the following payments directly from the garnishee: (1) $137.79 on August 7, 2000; (2) $151.71 on August 17, 2000; (3) $151.71 on September 1, 2000; and (4) $125.73 on September 13, 2000. Defendant immediately deposited the funds upon receipt from the garnishee.

This chapter 7 case was filed on September 14, 2000. No wages were garnished after the bankruptcy petition was filed.

The return date on the garnishment summons was September 15, 2000, at which time debtors could have appeared in state court and objected to the garnishment.

On November 11, 2000, debtors filed a complaint for turnover of property and are seeking a return of the garnished wages paid to defendant by the garnishee in the amount of $566.94. Debtors further allege that defendant's refusal to return the funds is a violation of the automatic stay.

On November 29, 2000, defendant filed an answer to debtors' complaint. Defendant alleges that debtors had no interest in the funds on the date the bankruptcy petition was filed since the funds had already been withheld by the garnishee and remitted to defendant. Defendant denies violating the automatic stay since it received the funds prior to debtors filing the bankruptcy petition.

On January 24, 2001, the court entered an order granting the joint motion for judgment on the pleadings alone.

## CONCLUSIONS OF LAW

■ In their motion, debtors assert pursuant to 11 U.S.C. § 362(a) that they are entitled to recover $566.94 received by defendant as a result of garnishment.

Once a debtor files for bankruptcy, the automatic stay prevents a creditor from attempting to collect a debt against the debtor. See 11 U.S.C. § 362; *In re Sowers*, 164 B.R. 256, 259 (Bankr.E.D.Va. 1994). The issue in this case is whether the automatic stay is violated when debtor's wages are garnished before filing for bankruptcy and when the wages are collected by creditor prior to the return date on the garnishment summons. See 11 U.S.C. § 362(a).

■ In order to violate the automatic stay, the creditor's actions must be directed at the debtor or estate property. Under § 541, the filing of a bankruptcy petition creates an "estate" composed of all legal and equitable interests in property wherever located and by whomever held. See 11 U.S.C. § 541. Pursuant to this section, the estate is comprised of "all legal or equitable interests of the debtor in property as of commencement of the case," except as provided by § 541(b) & (c)(2). See 11 U.S.C. § 541(a)(1).

In this case, the only time defendant demanded payment from the debtors was through a pre-petition garnishment. Debtor's wages were garnished bi-monthly beginning on August 7, 2000, and ending September 13, 2000. The bankruptcy petition was filed on September 14, 2000. Therefore at the time of collection the funds had not yet become part of the debtors' estate, and all collection activities by the defendant ceased after the debtor's bankruptcy filing. Because pre-petition collection activities do not violate the automatic stay, *see Sowers,* 164 B.R. at 259, the question then becomes whether defendant's garnishment summons holding a return date after the date of debtors' bankruptcy may, under the circumstances here, be considered a pre-petition garnishment.

According to Virginia law, a judgment creditor desiring to enforce his or her lien by levy on the intangible property of a debtor may do so by issuing a writ of fieri facias and garnishment summons. "The lien on intangibles, including a chose-in-action owned by the debtor, arises from the time the writ of *fieri facias* is delivered to the sheriff or other officer to be executed." *In re Jones,* 47 B.R. 786, 788–89 (Bankr.E.D.Va.1985) (citing VA.CODE ANN. § 8.01–501 (Repl.Vol.1984)). Thereafter, by service of the garnishment summons and writ of fieri facias on the garnishee, funds in the possession of the garnishee are subject to execution provided that debtors do not exempt those funds by a properly recorded homestead deed prior to the return date on the writ of garnishment. *See id.* at 789.

In this case, the writ of fieri facias and the garnishment summons were issued on June 9, 2000. There is no homestead deed exemption recorded on the garnishment summons and no evidence that a homestead deed was properly recorded prior to the return date of September 15, 2000.

According to Virginia law, the creditor's lien arose no later than the date the fieri facias and garnishment summons were served on garnishee. Furthermore, under Virginia law, any property that debtor would be entitled to receive from the garnishee and that comes in possession of the garnishee prior to the return date on the writ of garnishment is also subject to the lien. *See* VA.CODE ANN. § 8.01–501 (Repl. Vol.2000); *Jones,* 47 B.R. at 789.

In summary, the court concludes that defendant obtained a valid lien under Virginia law on the wages earned by the debtor. The wages garnished pursuant to this lien, having arisen pre-petition, do not violate the automatic stay under 11 U.S.C. § 362(a), notwithstanding the post-petition return date on the garnishment summons. Since there is no post-petition violation of the stay, the court has no alternative but to deny the relief sought in debtors' motion. However, the motion will be denied without prejudice to debtors' pursuit of a preference action.

A separate order consistent with this opinion will be entered accordingly.