**In re Robert A. NEILSEN, and Amanda Barker Debtors.**

**No. 09–51677.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

April 30, 2010.

---

James O. Clough, Esquire, Harrisonburg, VA, for Debtor.

Charles R. Allen, Esquire, Roanoke, VA, Chapter 7 Trustee.

Robert M. Harris, Roanoke, VA, Creditor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this 30th day of April, 2010:

A hearing was held to consider Mr. Robert M. Harris' Motion for Relief From Stay, filed on January 29, 2010. At the hearing and on the record the Court found that Mr. Harris' Motion for Relief was actually a request for a determination of non-dischargeability of debt and a request for the return of funds garnished from Ms. Barker. The Court found that an adversary proceeding was required for a determination of non-dischargeability and since the matter before the Court was a not an adversary proceeding, the Court could not hear the issue. The Court then took under advisement the issue of whether the funds Mr. Harris received from garnishing the wages of Ms. Baker were properly remitted to either the Trustee or the Debtor. After considering the statements of the parties the Court makes the following findings of fact and conclusions of law.

On October 23, 2009, Mr. Harris obtained a $4,450.00 judgment against the Debtors. On November 4, 2009, Mr. Harris filed a garnishment summons against Amanda Barker. The return date on the garnishment summons was set for February 3, 2010. The garnishee was her employer, United Health Group. As of the date the Debtors filed their bankruptcy petition, January 26, 2010, the garnishee had transmitted $1,531.00 in garnished wages to the Roanoke City General District Court. At the § 341 meeting, held on March 2, 2010, the Creditor learned that the $1,531.00 had been remitted to the Trustee and that the funds were no longer available for him to receive.

The two issues for decision in the case at bar are whether the Debtors are entitled to exempt the $1,531.00 in garnished

wages and if not, whether Mr. Harris is entitled to the return of those funds. For the following reasons the Court finds that the Debtors are not entitled to exempt the garnished wages but, Mr. Harris is not entitled to the return of those wages because they became property of the estate when the Debtors' petition was filed.

### I. Debtors' Exemption in the Garnished Wages

■ *Wilson v. Virginia National Bank,* 214 Va. 14, 15, 196 S.E.2d 920, 921 (1973) holds that Va.Code § 34–17 allows a debtor to file a homestead deed exempting garnished funds so long as the homestead deed is filed before a court "court orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceedings." This has been interpreted by subsequent courts to mean that Va.Code § 34–17 allows a debtor to file a homestead deed exempting garnished funds so long as the homestead deed is filed before the return date. *In re Smith,* 45 B.R. 100 (Bankr.E.D.Va.1984). Upon the return date, however, any non-exempted funds are no longer the property of the debtor and therefore, are subject to execution by the creditor. *In re Partridge,* 263 B.R. 755 (Bankr.E.D.Va.2001) and *Wilson,* 214 Va. at 15, 196 S.E.2d 920.

■ Generally, courts are to interpret statutes creating debtor's exemptions liberally in favor of the debtor. *Mayer v. Quy Van Nguyen,* 211 F.3d 105 (4th Cir. 2000). However, there are certain statutes pertaining to exemptions which must be accorded strict interpretation. *Homeowner's Fin. Corp. v. Pennington,* 47 B.R. 322 (Bankr.E.D.Va.1985). Among those statutes accorded strict interpretation is Va.Code § 34–17. *Id. In re Ahmed,* 411 B.R. 537 (Bankr.E.D.Va.2009) strictly interpreted Va.Code § 34–17(A) to require that a debtor seeking to exempt real or personal property file a homestead with the clerk of court for the appropriate county within five days of the holding of a § 341 meeting. The Court now applies the same strict interpretation to Va.Code § 34–17(B). In the case at bar the debtors filed their homestead deed claiming an exemption in the garnished funds prior to the commencement of the § 341 meeting. At the date of the claimed exemption, February 26, 2010, the automatic stay under 11 U.S.C. § 362 was in place due to the Debtors' filing of their petition for relief on January 26, 2010. As a result of the automatic stay the Roanoke General District Court did not enter an order of pay over of the garnished funds on the return date, February 3, 2010. Thus, at the time of filing the Debtors' Chapter 7, the garnished funds became property of the estate under 11 U.S.C. § 541. Under Va. Code § 34–17(A) the Debtors could file a homestead deed claiming "an exemption in bankruptcy" of assets including garnished wages until expiration of five (5) days after the § 341 meeting. However, the language of Va.Code § 34–17(B) addresses a non-bankruptcy claim of exemption in garnished wages and requires that the debtor file a "claim of homestead exemption ... after the garnishment summons is served on the employer but prior to or upon the return date of the garnishment summons ..." Thus, according to Va.Code § 34–17(B) there is a window of opportunity "to protect garnished wages" by "a claim of homestead exemption." After the window closes the debtor loses the opportunity to protect the garnished wages. In this case, the return date terminating the debtors' ability to protect garnished wages occurred on February 3, 2010. The provision of Va.Code § 34–17(B) trumps the provision of Va.Code § 34–17(A) as to when an exemption to protect garnished wages must be claimed. Thus the court finds that where a debtor is seeking to exempt garnished funds, the debtor must

**584**

file a homestead deed claiming an exemption in those funds prior to the return date on the garnishment summons. A failure to timely file a homestead deed denies the debtor the right to exempt the funds subject to the garnishment summons. In this case, the Debtors filed their Homestead Deed on February 26, 2010, twenty three days after the return date on the garnishment summons. Therefore, the Court finds that the Debtors failed to timely file their homestead deed with regard to the garnished funds and thus, are not entitled to exempt the garnished wages.[1]

*II.  Is Mr. Harris entitled to the Return of the Garnished Wages?*

■ In *Wilson* the Supreme Court of Virginia stated that the debtor loses a property interest in garnished wages when a court orders payment of the money by the garnishee to the judgment creditor. *Smith* applies the wording of Va.Code § 34–17(B) as analyzed above and *Partridge* holds that upon the return date the debtor loses a property interest in garnished wages. *Smith* and *Partridge* do not distinguish *Wilson's* statement that an order of court divests the debtor of a property interest in the garnished wages. As between the debtor and the creditor, *Smith* and *Partridge* appear to be a proper application of the plain wording of Va. Code § 34–17(B) and not inconsistent with *Wilson* because, typically, the return date arrives and a court order is entered on the return date ordering the garnishee to pay

over. Thus, at any time on the return date but prior to the entry of the pay over order a debtor could protect the garnished wages under Va.Code § 34–17(B). In this case, however, the Chapter 7 petition for relief was filed on January 26, 2010, prior to the return date for the garnishment summons, February 3, 2010. The garnished wages became property of the estate under 11 U.S.C. § 541(a)[2] and subject to administration by the Chapter Trustee under 11 U.S.C. § 704(a). The garnished wages remain property of the estate unless the debtor properly exempts under 11 U.S.C. § 522(b) or an order of abandonment is issued under 11 U.S.C. § 554. As set forth above, the Debtors lost their right under Virginia law to exempt the garnished wages on the return date, February 3, 2010. There is no order of abandonment under 11 U.S.C. § 554. Thus, the Court finds that the $1,531.00 in garnished wages is subject to administration by the Chapter 7 Trustee and that Mr. Harris is not entitled to the return of the $1,531.00 unless abandonment by the Trustee is forthcoming.[3] Accordingly it is,

**ORDERED:**

That the Motion for Relief of Robert M. Harris is hereby DENIED.

---

1. Had the Debtors claimed the exemption prior to or on February 3, 2010, the garnished wages would gave been protected under Va. Code § 34–17(B) and properly homesteaded for bankruptcy well within the time required under Va.Code § 34–17(A) because the § 341 meeting did not take place until March 3, 2010.

2. 11 U.S.C. § 541(a)(1) includes "all legal or equitable interest of the debtor in property as

of the commencement of the case." (11 U.S.C. § 541(a)(1) (West 2010))

3. The Court notes that in the event that the Trustee abandons, in a manner consistent with 11 U.S.C. § 554, the estate's interest in the garnished wages the wages are to be abandoned to Mr. Harris since the Debtors did not properly exempt any of the garnished wages and absent bankruptcy Mr. Harris had a right to pay over under Va.Code § 34–17(B)