In re Nakeita Sharie **BANKS, Debtor.**

**Robert M. Harris, Movant**

v.

**Nakeita Sharie Banks, Respondent.**

**No. 10–72801.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 25, 2011.

---

Nakeita Sharie Banks, pro se.

### DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on January 11, 2011 to consider Robert M. Harris's (hereafter the "Movant") Motion for Entry of Order for a Notice of Assets (hereafter the "Motion"). Both the Debtor and Mr. Harris appeared *pro se.* The Chapter 7 Trustee did not appear. After considering the Motion and the statements of the Movant and the Debtor in court, the Court finds that the Motion constitutes an Objection to Debtor's Claim of Exemption which is governed by Federal Rule of Bankruptcy Procedure 4003(b). The Motion challenges

the homestead exemption in garnished wages and the Debtor's 2010 Federal Tax Return. Having considered the pleadings, exhibits, and statements of the parties the Court makes the following findings of fact and conclusions of law.

### Facts

*Facts Pertaining to the Garnished Wages*

On August 3, 2010 the Movant filed a garnishment summons in which he sought to garnish the Debtor's wages to satisfy a judgment awarded to him by the City of Roanoke General District Court. The garnishment summons was served upon the Debtor's employer, Wachovia Bank. Wachovia Bank, through its agent ADP Garnishment Services (hereafter "ADP"), began garnishing the Debtor's wages in accordance with the garnishment summons. The return date for the garnishment summons was November 30, 2010.

ADP withheld two payments pursuant to the August 3, 2010 garnishment summons. The first was for $208.90 and shows a payment date of November 15, 2010. The second withholding was for $303.29. Both withholdings were made by ADP.[1] Although the Debtor lists November 26, 2010, in her Statement of Financial Affairs as the date of payment of the $303.29 check, said check was not introduced into evidence.[2]

After her filing, the Debtor filed a homestead deed under Virginia law and listed the $303.29 check.[3] The Movant asserts that this exemption was improperly taken. The Movant also asserts that the $208.90 check is his property.

### Discussion

*The Garnished Wages*

The two issues for decision with respect to the Debtor's garnished wages are (1) whether the Debtor is entitled to an exemption in either the $208.90 garnishment withholding or the $303.29 garnishment withholding; and (2) if the Debtor is not entitled to an exemption in, either, whether they constitute property of the estate for administration by the Chapter 7 Trustee.

### I. Debtors' Exemption in the Garnished Wages

*Wilson v. Virginia National Bank,* 214 Va. 14, 15, 196 S.E.2d 920, 921 (1973) holds that Va.Code § 34–17(B) allows a debtor to file a homestead deed exempting garnished funds from claims of creditors so long as the homestead deed is filed before a court "orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceedings." This has been interpreted to mean that Va.Code § 34–17(B) allows a debtor to file a homestead deed exempting garnished funds so long as the homestead deed is filed before the return date. *In re Smith,* 45 B.R. 100 (Bankr.E.D.Va.1984).

---

1. Although the Chapter 7 Trustee received the check for the $208.90 withholding, the location of any check evidencing either withholding is currently unknown.

2. The Debtor also scheduled the payment date of the first withholding of $208.90 as November 12, 2010, a Friday. The Court infers that the dates scheduled by the Debtor of November 12, 2010 and November 26, 2010 as payment dates correspond to the Friday she was paid and noticed the garnishment withholding or her pay stub. The ADP check for $208.90 shows a payment date of November 15, 2010, the Monday following Debtor's Friday pay day. Thus, it is reasonable to infer that the date ADP withheld from Debtor's wages was November 26, 2010, and its check, it ever issued, was November 29, 2010, the Monday after Debtor's Friday pay check of November 26, 2010. Since the Debtor's filing occurred on November 24, 2010, it is clear that one withholding was prepetition and one was postpetition.

3. The Debtor's homestead deed was provided to the Court by the Chapter 7 Trustee, George A. McLean, Esquire.

Upon the return date, however, any non-exempted funds are no longer the property of the debtor and therefore, are subject to execution by the creditor. *In re Partridge*, 263 B.R. 755 (Bankr.E.D.Va.2001) and *Wilson*, 214 Va. at 15, 196 S.E.2d 920.

▇▇▇ Generally, courts are to interpret statutes creating debtor's exemptions liberally in favor of the debtor. *Mayer v. Quy Van Nguyen*, 211 F.3d 105 (4th Cir. 2000). However, there are certain statutes pertaining to exemptions which must be accorded strict interpretation. *Homeowner's Fin. Corp. v. Pennington*, 47 B.R. 322 (Bankr.E.D.Va.1985). Among those statutes accorded strict interpretation is Va.Code § 34–17(A). *Id.* In the context of bankruptcy, should the Debtor fail to comply with the time limitations of Va. Code § 34–17(A) the Debtor's property remains property of the estate and subject to administration by the Chapter 7 Trustee for the benefit of the creditors.[4] In the case at bar, the filing of the Debtor's bankruptcy petition on November 24, 2010, preceded the November 30, 2010, the state court return date of the garnishment summons. November 30, 2010 arrived and the Debtor had not filed a homestead deed pursuant to Va.Code § 34–17(B). However, the debtor filed her homestead deed on December 13, 2010 claiming an exemption in the $303.29 withholding. When she filed her homestead deed the automatic stay under 11 U.S.C. § 362 was in place due to the Debtor's filing of her petition for relief on November 24, 2010. As a result of the automatic stay the City of Roanoke General District Court did not enter an order of pay over of either the $208.90 or the $303.29 garnished funds (collectively the "Garnished Funds") on the return date, November 30, 2010. Thus, at the time of filing the Debtor's Chapter 7, the Garnished Funds became property of the estate under 11 U.S.C. § 541. *See* Footnote 7 *infra.*

The language of Va.Code § 34–17(B) addresses a non-bankruptcy claim of exemption in garnished wages and requires that the debtor file a "claim of homestead exemption ... after the garnishment summons is served on the employer but prior to or upon the return date of the garnishment summons ..." Thus, according to Va.Code § 34–17(B) there is a window of opportunity "to protect garnished wages" by "a claim of homestead exemption." After the window closes the debtor loses the opportunity to protect the garnished wages. In this case, the return date terminating the debtors' ability to protect garnished wages was scheduled to occur on November 30, 2010. However, the automatic stay of 11 U.S.C. § 362(a)(1) was imposed on November 24, 2010 when the Debtor filed her petition. The filing stayed the "continuation ... of a judicial ... action ... against the debtor ... to recover a claim against the debtor...." 11 U.S.C. § 362(a)(1) (West, 2010). On November 24, 2010, the operative effect of Va.Code § 34–17(B) was stayed.

Under Va.Code § 34–17(A) a debtor can file a homestead deed claiming "an exemption in bankruptcy" of assets including garnished wages until expiration of five (5) days after the § 341 meeting of creditors. Va.Code § 34–17(A) remained available to the Debtor such that she could claim an exemption to protect the garnished waged. In this case, the Debtor filed her homestead deed on December 13, 2010, fourteen days after the return date on the garnishment summons but within the time limitations set forth in § 34–17(A) since her

---

4. *In re Ahmed,* 411 B.R. 537 (Bankr.E.D.Va. 2009) strictly interpreted Va.Code § 34–17(A) to require that a debtor seeking to exempt real or personal property file a homestead deed with the clerk of court for the appropriate county within five days of the holding of a § 341 meeting of creditors.

§ 341 meeting of creditors took place on December 29, 2010. Therefore, the Court finds that the Debtor timely filed her homestead deed with regard to $303.29 of the Garnished Funds.[5] However, the proper filing of a homestead deed is only one of the necessary requirements for properly claiming an exemption in the bankruptcy context. *See discussion infra.*

## II. Movant's Entitlement to the Return of the Garnished Funds

■ In this case, the Chapter 7 petition for relief was filed on November 24, 2010, prior to the November 30, 2010 return date for the garnishment summons. The Garnished Funds became property of the estate under 11 U.S.C. § 541(a)[6] and subject to administration by the Chapter 7 Trustee under 11 U.S.C. § 704(a). The Garnished Funds remain property of the estate unless the Debtor properly exempts under 11 U.S.C. § 522(b) or an order of abandonment is issued under 11 U.S.C. § 554.[7] The Debtor homesteaded the garnished wages totaling $303.29 but not the $208.90 in garnished wages. There has been no order of abandonment entered by this Court under 11 U.S.C. § 554. Fur-

ther, the Debtor has failed to claim an exemption in any of the garnished funds on Schedule C of her bankruptcy schedules as is required by Federal Rule of Bankruptcy Procedure 4003(a).[8] Thus, the Court finds that the Garnished Funds are subject to administration by the Chapter 7 Trustee and that, as of the date of this Decision and Order, Mr. Harris is not entitled to the return of the Garnished Funds.[9]

## III. Conclusion

On the record currently before the Court, the Court holds that the Debtor may not exempt either $303.29 in garnished funds or $208.90 in garnished funds because she failed to properly claim the exemption in the Garnished Funds for bankruptcy purposes. As a result, the Garnished Funds constitute property of the estate and the Chapter 7 Trustee may administer the Garnished Funds for the benefit of creditors.

## The Debtor's Claimed Exemption of her 2010 Tax Refund

■ The essence of the Movant's Motion is that the Debtor did not properly

---

**5.** The Court notes that the Debtor did not claim the $208.90 withholding in her homestead deed. The Court finds that the Debtor is barred from claiming an exemption in these funds because the Debtor failed to timely file an exemption in these funds under Va.Code § 34–17(A) and thus, lost the ability to protect these funds.

**6.** 11 U.S.C. § 541(a)(1) includes "all legal or equitable interest of the debtor in property as of the commencement of the case." (11 U.S.C. § 541(a)(1) (West 2010))

**7.** 11 U.S.C. § 554(d) states, in relevant part, "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

**8.** The Court notes that the Debtor failed to properly "claim" the homestead exemption

even though she perfected the claim of exemption in the $303.29 garnished funds.

**9.** Should the Debtor be allowed to amend pursuant to Federal Rule of Bankruptcy Procedure 1009(a) her claimed exemption in $303.29 of the garnished wages could be set apart to her but not the $208.90 unless she properly amends her homestead deed to include that amount without exceeding the total dollar amount of exemption to which she is entitled. In the event the garnished wages are abandoned and the stay lifted with respect to them the Debtor's right to claim the exemption under Va.Code § 34–17(B) may be sustained as a result of her homestead deed being recorded at the time when the "return date" of November 30, 2010 was stayed by 11 U.S.C. § 362. That will be a matter for determination by the state court.

claim her exemption in her 2010 federal tax refund. While the Movant's basis for this Objection does not support disallowance of the claimed exemption the Court finds that the Debtor has not, as of the date of this Decision and Order, properly claimed an exemption in her 2010 federal tax refund.

On December 13, 2010, the Debtor filed her homestead deed in which she claimed a $5,296.00 exemption in her 2010 federal tax refund. Under Va.Code § 34–17(A) a debtor can file a homestead deed claiming "an exemption in bankruptcy" of assets including garnished wages until expiration of five (5) days after the § 341 meeting of creditors. The Debtor's § 341 meeting was held on December 29, 2010. Thus, the Debtor timely filed her homestead deed under Va.Code § 34–17(A). The recording the homestead deed completes or perfects a properly claimed exemption. The claim of exemption arises under 11 U.S.C. § 522 and Federal Rule of Bankruptcy Procedure 4003(a) defines how an exemption is claimed.[10]

Va.Code § 34–4 permits a householder to exempt up to $5,000.00. In addition, Va.Code § 34–4 permits a householder an additional $500.00 for every dependent supported by the householder. In this case, the Debtor supports two dependents and is entitled to claim up to $6,000.00 on her homestead deed. Therefore, the Debtor's $5,296.00 exemption in her 2010 federal tax refund falls within the statutorily provided value provisions.[11]

However, Fed.R.Bankr.P. 4003(a) requires debtors to list all property claimed

as exempt on the schedule of assets required to be filed by Fed.R.Bankr.P. 1007. Specifically, the debtors are to list all property claimed as exempt on schedule C of their bankruptcy petitions. The Debtor failed to list the $5,296.00 federal tax refund on her schedule C. Therefore, the Debtor failed to properly claim an exemption in the $5,296.00 attributable to her federal tax refund.[12] Accordingly, for the reasons stated in this Decision and Order it is

## ORDERED

The garnished wages in the amount of $208.90 and $303.29 constitute property of the estate and because of the Debtor's failure to properly claim an exemption in the garnished wages, they are to be administered by the Chapter 7 Trustee. To the extent the Debtor is in possession of any of the garnished wages and absent further order of Court, she will turn said funds over to the Chapter 7 Trustee within twenty (20) days of the date of this Decision and Order. It is,

## FURTHER ORDERED

That Debtor's homestead exemption in her federal tax refund in the amount of $5,269.00 is hereby denied for Debtor's failure to properly claim the exemption pursuant to Federal Rule of Bankruptcy Procedure 4003(a) and the portion of said 2010 federal tax refund, prorated to the date of the filing of the Debtor's Chapter 7 petition, is currently property of the estate subject to administration by the Chapter 7

---

10. Fed.R.Bankr.P. 4003(a) states "[a] debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007." Fed.R.Bankr.P. 4003(a) (West, 2010).

11. Virginia "opted out" of the federal exemption provisions of 11 U.S.C. § 522. *See* Code of Virginia § 34–3.1. Thus, Va.Code § 34–4

*et seq.* governs what can be exempted and how the exemption is perfected.

12. Fed.R.Bankr.P. 1009(a) permits debtors to amend their schedules at any time before the case is closed. The debtor must give notice of the amendment to the trustee and to any entity affected thereby.

Trustee. Absent further order of Court the Debtor shall turnover to the Trustee her 2010 Federal and Virginia tax refunds. The Debtor is granted leave to move to amend her schedules pursuant to Federal Rule of Bankruptcy Procedure 1009(a).

Copies of this Order are directed to be sent to the Debtor, Nakeita Sharie Banks, 599 Virginian Dr., Christiansburg, VA 24073, to Robert M. Harris, P.O. Box 19635, Roanoke, VA 24019, and to the Chapter 7 Trustee, George A. McLean, Esquire.