In re George & Jennifer
BENITEZ, Debtors.

No. 11–50785.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 25, 2011.

Roland S. Carlton, Jr., Staunton, VA, for
Debtors.

## ORDER AND DECISION

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on October 5, 2011, to consider the Debtor's motion for contempt against creditor Russell Fridley for failure to comply with an order quashing a garnishment entered by this Court on May 27, 2011 ("Garnishment Order"). At the hearing, evidence was presented by the Creditor that the garnishment was paid to him before the petition date. *In re Benitez,* Hearing Tr. 5:14–18, October 18, 2011, ECF Docket No. 16. The Creditor presented the Court with a copy of an order from the Circuit Court of Augusta County of Virginia that paid the garnished funds to the Creditor and dismissed the garnishment on May 4, 2011. *In re Benitez,* Hearing Tr. 5:22–6:6, October 18, 2011, ECF Docket No. 16. The Debtors did not file their Chapter 7 petition until May 26, 2011. Therefore, the garnishment could not be quashed because the garnishment did not exist at the time of the filing of the petition.

Debtors argued that because the return date of the garnishment had not been reached, the garnishment could still be exempted. Earlier this year, in *Harris v. Banks,* this Court explained, that the general rule that garnishments can be exempted, is an interpretation of garnishment law that relies on a stronger underlying legal precedent:

> *Wilson v. Virginia National Bank,* 214 Va. 14, 15, 196 S.E.2d 920, 921 (1973) holds that Va.Code § 34–17(B) allows a debtor to file a homestead deed exempting garnished funds from claims of creditors so long as the homestead deed is filed before a court "orders the payment of money by the garnishees to the judgment creditor at a hearing of the garnishment proceedings." *This has been interpreted to mean* that Va.Code § 34–17(B) allows a debtor to file a homestead deed exempting garnished funds so long as the homestead deed is filed before the return date. *In re Smith,* 45 B.R. 100 (Bankr.E.D.Va.1984).

*Harris v. Banks (In re Banks),* 443 B.R. 708, 710–11 (Bankr.W.D.Va.2011) (emphasis added). The interpretation that garnished funds may be exempted before the return date can not override the initial precedent that the interpretation is based upon. The quote above makes clear that: "Va.Code § 34–17(B) allows a debtor to file a homestead deed exempting garnished funds from claims of creditors *so long as the homestead deed is filed before a court orders the payment of money by the garnishees to the judgment creditor....*" *Harris v. Banks (In re Banks),* 443 B.R. at 710 (emphasis added) (internal quotation marks omitted). The same principle was also articulated by the Bankruptcy Court for the Eastern District of Virginia in *In re Henderson:*

> A debtor may file a homestead exemption at any time *before the court which issued the garnishment enters an order of payment.* If, without filing bankruptcy, a debtor properly files a homestead deed prior to an order of payment being entered, the issuing court will order the money that was garnished to be paid to the debtor.

*In re Henderson,* 2006 Bankr.LEXIS 2813 (Bankr.E.D.Va.2006) (emphasis added).

The Debtors' schedules reflect that the male debtor was claiming a homestead exemption in the garnished funds. However, the Debtors failed to provide any evidence that said homestead exemption was filed before the payment order of the Circuit Court of Augusta County of Virginia. Therefore, the Debtors have failed to show that the Creditor was in violation of the Garnishment Order. Accordingly, it is

### ORDERED:

That the motion for contempt for failure to comply with the Garnishment Order is dismissed.