## CIRCUIT COURT OF FAIRFAX COUNTY

Trident Systems, Inc.

    v.

John Reber

June 25, 2014

Case No. 2014-5308

By Judge Robert J. Smith

This matter comes before the Court regarding John Reber's ("Judgment Debtor's") claim for garnishment exemptions.

*Background*

Following a seven-day jury trial, John Reber was found liable to Trident Systems, Inc. ("Trident") for breaching his fiduciary duty, violating the Virginia Computer Crimes Act, and misappropriating Trident's trade secrets. Trident now stands as the Judgment Creditor against the Judgment Debtor in the amount of $343,260. To collect this debt, Trident issued a garnishment summons against the Judgment Debtor's employer, Technology and Supply Management, L.L.C. ("TaSM"), to garnish the Judgment Debtor's wages. In response to the garnishment summons, TaSM paid $2,135.18 into the Court from the Judgment Debtor's wages. After $2,135.18 had been paid into the Court, but before the return date, the Judgment Debtor timely filed a garnishment exemption claim, which stated that he qualified for four exemptions to the garnishment of his wages: retention of his Social Security benefits, retention of his retirement benefits, and a homestead exemption including an extra $500 for a claimed dependent, his spouse, Nancy Reber. The Judgment Debtor's homestead deed, upon which the homestead exemption is predicated, was filed without error on March 5, 2014, in Fauquier County. In response to the Judgment Debtor's garnishment exemptions, Trident argues that, of the four exemptions, two, the Social Security and retirement benefits, do not apply because they are unaffected by the garnishment of the Judgment Debtor's wages. Trident also argues that the Judgment Debtor has inappropriately invoked the homestead exemption and dependent exemption. The Judgment Debtor argues that, at

a minimum, he is entitled to the homestead exemption and has asked the Court, in light of this exemption, to return the garnished wages in full.

## Issue Presented

The question before the Court is whether the Judgment Debtor is entitled to claim a homestead exemption including a claimed dependent, as articulated in Va. Code § 34-4.

## Analysis

Trident does not object to the claimed exemptions of the Judgment Debtor's Social Security or retirement benefits. Therefore, these two exemptions are not at issue here and will not be a part of this analysis.

Next, the Court will turn to the Judgment Debtor's claim for a homestead exemption. Pursuant to Va. Code § 34-4, every householder at or over the age of 65 is entitled to hold up to $10,000 in value exempt from a creditor in the form of a homestead exemption. Va. Code Ann. § 34-4. A householder is also entitled to an additional exemption of up to $500 for each claimed dependent. See *id.* ("In addition, upon showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent."). A debtor must file a claim of homestead exemption to protect garnished wages after the garnishment summons is served on the employer but before the return date of the summons. Va. Code Ann. § 34-17(B).

In this case, the Judgment Debtor has claimed $10,500 exempt from the garnishment of his wages; he claimed $10,000 pursuant to the homestead exemption and $500 for his dependent spouse. The Judgment Debtor timely filed his homestead exemption. Trident argues that the original purpose of the homestead exemption was to prevent judgment debtors from becoming destitute or insolvent, but there is no authority to indicate that either of these factors is required in order to invoke the exemption. See *Wilson v. Virginia Nat'l Bank*, 214 Va. 14, 15, 196 S.E.2d 920 (1973) (holding that the petitioner was able to claim a homestead exemption to protect against garnishment so long as it was filed before the Court ordered the payment of money). In fact, precedent supports a liberal construction of homestead exemptions in favor of the debtor and strictly against the creditor. See *Goldburg Co. v. Salyer*, 188 Va. 573, 577, 50 S.E.2d 272 (1948) ("Homestead exemption provisions are considered as remedial, and the rule is that they must be liberally construed in favor of the debtor and strictly against the creditor."). Thus, the Judgment Debtor's homestead exemption is valid because it was timely claimed and his homestead deed was appropriately filed. Furthermore, the Judgment Debtor's claim of a $500 exemption for

his dependent spouse should also be granted. See *Oppenheim, Satterwhite & Co. v. Myers*, 99 Va. 582, 586, 39 S.E. 218 (1901) ("The relation of dependence and support, coupled with a legal or moral obligation to support the dependent, constitutes the one upon whom the burden is cast, the head of a family, and entitles such person to the benefit of the exemption."). The Judgment Debtor correctly and timely filed his homestead exemption along with an exemption for one claimed dependent.

In *CRC, Ltd. v. Lloyd*, the Circuit Court of the City of Winchester addressed this issue of the homestead exemption as applied to wage garnishment. 32 Va. Cir. 106 (1993). While this authority is not controlling, it is instructive to this Court in deciding its ruling. The court, describing the mechanics of garnishment, explained that "funds are not technically 'turned over to the creditor' until the return date" on the garnishment summons. *Id.* at 109. Furthermore, until that return date, "any funds paid by the garnishee . . . are wrongfully paid outside the protection of the garnishment statutes." *Id.* In *Lloyd*, the garnishee had paid an amount of money directly to the judgment creditor. *Id.* at 106. In ordering the return of funds paid, the court stated:

> If a valid exemption to the garnishment is filed by the judgment debtor, or, if before the return date, the judgment debtor files a homestead deed pursuant to § 34-17 exempting his wages from the garnishment issued by the judgment creditor, the judgment creditor must refund the sums wrongfully received to the judgment debtor.

*Id.* at 109.

In the instant case, and unlike *CRC, Ltd.*, TaSM paid $2,135.18 directly to the Court rather than to the Judgment Creditor. However, the outcome of *CRC, Ltd.* is still illustrative in the present matter to help the Court determine how to handle the improperly garnished funds. Even if the garnished sums are paid to the Court before they are paid to the Judgment Creditor, the Court believes this is a distinction without a difference. Thus, the Court finds that any funds paid by the garnishee prior to the return date on the garnishment summons must be refunded to the Judgment Debtor since the Judgment Debtor has filed a valid homestead exemption. See *id.* (stating that "funds are not technically 'turned over to the creditor' until the return date").

## Conclusion

The Court finds that the Judgment Debtor's homestead exemption including an exemption for a claimed dependent is valid. The Judgment Debtor's homestead exemption is granted, and the $2,135.18, which was previously garnished from his wages, shall be returned to him.